IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00046-FDW

| | |
|---|---|
| ROBERT LAMAR MCFADDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FNU POTEAT, Ofc. Mr.; )<br>MAIL ROOM STAFF EMPLOYEES, )<br>Marion Corr. Inst., )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, which he filed while he was a prisoner of the State of North Carolina pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

According to the complaint, on December 10, 2016, Plaintiff gave legal mail to Officer Poteat that pertained to a § 1983 complaint against various defendants at Marion Correctional Institution in which Plaintiff alleged that he was the victim of an assault on October 9, 2016. Plaintiff contends the legal mail was addressed to the clerk's office in the Western District. Plaintiff made repeated inquiries from unidentified employees in the mailroom at Marion Correctional in December in an effort to find out if the legal mail had in fact been mailed, and he was reassured that the mail had been sent to the clerk's office. However, Plaintiff sent letters to the clerk's office and received responses indicating that he had no open cases in this District.

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28

1

U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Plaintiff's complaint fails to state a claim for relief. In order to "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988) (internal citations omitted). While those working within the mailroom at Marion Correctional may qualify as state actors, Plaintiff has not identified any such employee by name.

Second, to be sure there is no question that prisoners must have reasonable access to present claims in court. See Bounds v. Smith, 430 U.S. 817, 824-25, 828 (1977). In order to show a denial of access to the courts, a prisoner must demonstrate an actual injury or that a

defendant's alleged conduct impeded his right to access the courts. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). Although it is unclear why Plaintiff's legal mail (§ 1983 complaint and presumably letters to the clerk's office) may have been delayed, Plaintiff does have a pending § 1983 case that addresses the alleged October 2016 attack; therefore he has not been denied access to the courts. See McFadden v. Burton, et al., 1:17-cv-00024-FDW. Moreover, in the aforementioned case, Plaintiff has filed no less than fourteen documents with the clerk's office so it would appear that the December 10th incident was purely an isolated one.

Based on the foregoing, the Court finds that Plaintiff's complaint should be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**. (Doc. No. 5).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: February 27, 2017

Frank D. Whitney
Chief United States District Judge